FILED
MAY 23 2014
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Robert W. Layne, )
)
    Plaintiff, )
)
v. ) 14-866
)
)
Department of Youth Rehabilitation Services *et al.*, )
)
    Defendants. )

MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's *in forma pauperis* application and will dismiss the complaint against the District of Columbia defendant for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal "at any time" jurisdiction is found wanting). In addition, pursuant to 28 U.S.C. § 1915, the Court will dismiss the complaint against the Union defendant for failure to state a claim upon which relief can be granted.

Plaintiff, a resident of Temple Hills, Maryland, sues the District of Columbia Department of Youth Rehabilitation Services ("DYRS") and the Fraternal Order of Police ("FOP"). The complaint stems from alleged events that ultimately resulted in plaintiff's separation from DYRS. Plaintiff alleges that he was employed as a correctional officer from September 15, 2005 until August 12, 2008, when he was placed on administrative leave pending an investigation of an incident that occurred at the Superior Court of the District of Columbia. *See* Compl. at 1. In November 2008, DYRS issued plaintiff a notice of removal based on the

incident, and plaintiff initiated grievance proceedings. Following a hearing in May 2009 before the D.C. Office of Employee Appeals ("OEA"), plaintiff "chose to sign resignation papers" rather than suffer termination. *Id.* at 2. Plaintiff sought representation from FOP to assist with the appeal but alleges that he "did not receive any assistance from the union . . . as they are obligated by the collective bargaining agreement and the payment of dues." Compl. at 2.

In September 2012, plaintiff discovered that his "separation papers from DYRS [] had 'TERMINATED' listed as the outcome," which he alleges was contrary to "the agreement signed in the OEA hearing." *Id.* Plaintiff alleges that the termination status made him unemployable, and he seeks "lost wages from May 8, 2009 until May 2013 [and] status as a 'displaced' employee [so] I can apply for other positions with the District of Columbia." *Id.*

The District of Columbia is the proper defendant for claims brought against its departments such as DYRS. Plaintiff does not cite a federal basis for his employment claims, and the District's Comprehensive Merit Personnel Act ("CMPA"), D.C. Code §§ 1-601.01 *et seq.*, provides the "exclusive avenue for aggrieved District employees to pursue work-related complaints." *McManus v. District of Columbia*, 530 F. Supp. 2d 46, 77 (D.D.C. 2007). "Under the CMPA, employees may appeal an adverse action resulting in removal to the [OEA], with a right of review in the District of Columbia Superior Court" and a right of appeal in the District of Columbia Court of Appeals. *Id.* Similarly, to the extent that the complaint against FOP is based on the union's breach of the duty of fair representation, the CMPA provides the exclusive avenue for this claim as well. *See id.* at 78 ("The CMPA makes a union's breach of its duty of fair representation an unfair labor practice, and grants the [Public Employee Relations

Board] exclusive jurisdiction over allegations of unfair labor practices.").[1]  Hence, this action will be dismissed.   A separate Order accompanies this Memorandum Opinion.

/s/ [signature]
United States District Judge

DATE:  May 6th, 2014

---

[1]  A union's duty of fair representation "is implied under the scheme of the National Labor Relations Act," *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164 (1983), and this Court has jurisdiction to hear a claim arising under federal law.  *See* 28 U.S.C. § 1331.  A breach of duty claim, however, must be filed within six months of the alleged breach, *George v. Local Union No. 639, Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 100 F.3d 1008, 1009-10 (D.C. Cir. 1996), which "begin[s] to run when the claimant 'discovers, or in the exercise of reasonable diligence should discover, the acts that form the basis of his claim.'" *Hollie v. Smith*, 813 F.Supp.2d 214, 220 (D.D.C. 2011) (quoting *McConnell v. Air Line Pilots' Ass'n, Int'l*, 763 F.Supp.2d 37, 41 (D.D.C. 2011)).  To the extent that the complaint lodged with the Clerk on April 10, 2014 presents a breach claim subject to review under the NLRA, it is untimely because the latest event that could possibly support the claim is alleged to have occurred in May 2013, well beyond the limitations period.